FAJARDO SUGAR GROWERS' ASSOCIATION, APPELLANT, *v.*
REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing
to Record a Deed of Lease.

No. 314.—Decided July 7, 1917.

LEASE—ATTORNEY IN FACT—RECORD OF TITLE—SUBSEQUENT PURCHASER.—When
a deed of lease of a farm, executed by an attorney in fact, is presented in
the ʀegistry for record and the registrar refuses to record it, but enters a
cautionary notice which is canceled later, this decision of the registrar does
not constitute an obstacle to the recording of the deed of lease later, al-
though the property may be then recorded in the name of a subsequent
purchaser, if the principal ratifies and confirms the lease and the purchaser
acknowledges, accepts and agrees to the same.

ID.—RECORD OF TITLE—THIRD PERSON.—Article 17 of the Mortgage Law pro-
hibits the admission to record of titles transferring ownership or creating
encumbrances where there is a subsequent record in favor of another person;
but if the person in whose favor the record is made is not a third person,
that article is not applicable.

The facts are stated in the opinion.
*Mr. Luis Muñoz Morales* for the appellant.
The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

By a notarial instrument executed before Eugenio Bení-
tez Castaño on March 31, 1906, Josefina and Concepción Veve
leased to the Esperanza Central Sugar Company 854 *cuerdas*
of land, acquired by inheritance from their father and of
record in their names as coparceners.

By an instrument of partition this land was divided into
five separate parcels, two of which were allotted to Josefina
and three to Concepción and duly recorded in their respec-
tive names.

In 1913 José S. Belaval, in the name and as attorney in
fact of his wife, Concepción Veve, sold the three parcels last
above mentioned to Horacio S. Belaval, who recorded them
in his name.

The deed recited:

"That the said undivided portions and properties have no other
burden or encumbrance, according to the declaration of Mr. Belaval

in the capacity in which he appears, than a contract of lease in favor of 'The Veve Sugar Company' and 'The Esperanza Central Sugar Company' respectively agreed upon by deeds executed in this city and town of Fajardo on the 10th of April, 1911, and 31st of March, 1906, before notaries Manuel F. Rossy and Eugenio Benítez Castaño, the lease in favor of 'The Veve Sugar Company' being for a term of ten years and an annual rent of $600, as to the undivided portions belonging to Concepción Veve, and the contract in favor of 'The Esperanza Central Sugar Company' being for a period of eleven years and an annual rental of $2,400, as to the three properties of the farm 'Aurora' belonging to said Mrs. Veve Belaval.''

The entry made in the registry as to each of these parcels set forth that they were subject to a contract of lease in favor of The Esperanza Sugar Company for a term of eleven years according to an instrument executed in Fajardo on March 31, 1906, before the Notary Eugenio Benítez Castaño.

This agreement of lease was presented in the registry of property together with the following documents:

''A petition addressed to the registrar of property explaining the actual status of the property object of the lease whose record is sought.

''Copy of deed No. 55 of July 18, 1913, executed before notary Eduardo Acuña, which is the conveyance to Horacio S. Belaval of the three portions belonging to Mrs. Concepción Veve.

''Copy of instrument No. 177 of November 9, 1908, executed before notary M. Alberto Salicrup which is a power-of-attorney given by Mrs. Concepción Veve to her husband, José S. Belaval.''

The registrar recorded the lease as to the two parcels belonging to Josefina Veve and refused to record the same in so far as it related to the other three formerly belonging to Concepción Veve and now of record in the name of Horacio Belaval, for the reasons stated in his endorsement as follows:

''Because record of deed No. 27 of March 21, 1906, including the same contract of lease, was refused by the registrar of this city on May 2, 1906, at folio 66, vol. 1, of Ceiba, and a cautionary notice was entered in lieu thereof for the legal period in favor of the lessee corporation, The Esperanza Central Sugar Company, as to the property 'Aurora' of which the three portions the object of this refusal

formed part, for the incurable defect that no showing was made by José S. Belaval of his capacity as attorney-in-fact, which refusal was consented to by the lessee corporation and was canceled on April 14, 1900, as is shown by a note made on the margin of the entry, which annotation cannot be renewed today, according to the decisions of the Directorate of Registries and Notaries of May 30, 1878, and June 13, 1890, and the doctrine laid down by the Supreme Court of Porto Rico in the cases of *Barreras* v. *The Registrar* (15 P. R. R. 542), *Cepeda* v. *The Registrar* (16 P. R. R. 605), and *Hernández* v. *The Registrar* (14 P. R. R. 768) ; Second: Because the three parcels from the property 'Aurora,' the object of this refusal, now appear, by virtue of deed No. 55, of July 18, 1913, executed before notary Eduardo Acuña, recorded since November 2d of the said year 1913, in the name of Horacio S. Belaval; and because the deed of lease refused is of a prior date to that which originated the record of ownership of the properties in favor of Horacio S. Belaval. Sections 17 and 20 of the Mortgage Law, decisions of the Directorate of Registries, of April 1, 1887, May 23, 1890, and December 29, 1892, and the doctrine of our Supreme Court laid down in the cases of *Esteves* v. *del Río et al.* (7 P. R. R. 274), *Fernández* v. *The Registrar*, (8 P. R. R. 440), and *Ramírez* v. *The Registrar* (17 P. R. R. 274) ; Third: Because while it appears from the deed No. 55 of July 18, 1913, executed before notary Eduardo Acuña that Horacio S. Belaval consented to the mention of a contract of lease in favor of The Esperanza Central Sugar Company, such mention, according to the registry, refers to a contract for the period of eleven years, nothing being said in the record in favor of Horacio S. Belaval of any extension as to the same lease for five more years, at the will of the lessee corporation, as stipulated in the said deed of lease; Fourth: Because the contract of lease constituting a true real right as it exceeds six years during which the owner of the property limits, to the prejudice of third persons, the free exercise of one of his dominion powers, it is indispensable to execute the same through an attorney-in-fact who may have been expressly and specifically authorized therefor. Section 1451, Revised Civil Code and decisions of the Directorate of Registries of May 20, 1879, November 20, 1900, and October 26, 1904, and the doctrine announced by our Supreme Court in the case of *R. Fabián* v. *The Registrar* (22 P. R. R. 744) ; which said express and special power was not given to José S. Belaval upon the execution of the aforesaid deed of lease of March 31, 1906, as shown by the

power-of-attorney of November 9, 1908, executed in Ponce before Notary M. Alberto Salicrup."

It is true that the document record of which is now denied is the same instrument refused by the registrar in 1906, but the circumstances surrounding the tender now are quite different and the questions involved are equally distinct.

The lease is now offered together with other documents alleged to be sufficient to overcome the objection made by the registrar in 1906, and the power of attorney by virtue of which José S. Belaval sold to Horacio S. Belaval is not the same instrument under which he assumed to act in making the lease but one executed subsequently to the date of such lease and it is claimed contains full authority to lease and ratify and confirm the lease already made as it is said the deed of conveyance in effect purports to do.

The lessee does not assail the former ruling of the registrar to the effect that Belaval in 1906 failed to exhibit his power of attorney, nor contend that he was then duly authorized to act, but asserts that under a later power duly conferred and in the deed of conveyance executed by him he ratified and confirmed and the purchaser acknowledged, accepted and agreed to the said contract of lease. If this be true and the registrar does not challenge the proposition first mentioned, we fail to perceive why the previous ruling should be held to constitute an obstacle to the record now requested. *Behn* v. *Registrar,* 21 P. R. R. 486.

As to the second ground stated by the registrar, it will suffice to repeat what was said by this court in *Roig* v. *Registrar,* 17 P. R. R. 918.

"It is true that article 17 of the Mortgage Law prohibits the admission to record of titles transferring ownership or containing encumbrances where there is a subsequent record in favor of another person, but inasmuch as that provision of law has no other purpose and effect than the protection of third parties, this being the object of the Mortgage Law, if the person in whose favor the record is

made is not a third party, that provision of the law cannot be applied."

Inasmuch as both the deed of conveyance to Horacio S. Belaval and the record thereof in the registry refer specifically to the notarial instrument of lease and thoroughly identify the same, the third reason assigned by the registrar for his refusal to record the lease at once appears too frivolous for serious discussion.

From what has been said it sufficiently appears that the question suggested in the fourth ground given as the basis for the ruling complained of is not involved for the reason that, if the original lease was duly ratified and confirmed by the subsequent deed of conveyance, it can make no difference whether or not the original power of attorney was sufficient.

The ruling appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.